The next case is United States v. Ronald David Wadden. No, that's fine the way it is. Good morning. My name is Anne Berger and I'm representing the appellant Ronald David Wadden. This case involves the relationship between a defendant's sentence, as imposed by a judge, and its execution by a probation officer. In the context of this case, the district court below re-imposed a condition of sex offender treatment upon Mr. Wadden. On its face, the condition mandated that Mr. Wadden re-engage in sex offender treatment. You represent this person? Correct. You want me to go right back into sex offender treatment? Isn't that the option? If what you say is correct, and this was an improper delegation, then we do away with the delegation, we do away with any role of the probation office, and he goes back into sex offender treatment. A properly imposed condition would mandate that Mr. Wadden return to sex offender treatment. In this particular case, we have... That's what you want, I guess. What we're asking the court to do is correct a process or a practice that seems to be taking hold in our district, as in the Browder case, which was decided by another panel of this court. It's one thing for a judge to say that I'm going to impose sentence, but I'm not going to impose sex offender treatment unless the probation office says you want it, says you get it, and then you have to do it, which is a delegation. This was one where the judge imposed sex offender treatment, and then a lawyer for your client, I assume it wasn't you . . . It was me. Was you, said, I don't want it. I want it to be conditional. Then the judge said, okay, we'll wait until the probation office does it, and now you're complaining about that. Well, the sequence of events was a bit different, and the parties proceeding to sentencing knew and expected that the court would reimpose all of the previously imposed conditions, which did include the reimposition of the condition at issue here. As imposed prior to the clarification made by probation, that would not have been error. Right. We requested clarification, and when the probation department revealed the basis for its request for the condition, error became obvious. In that case, the probation officer . . . I understand that. They said at that time that you asked for it to be put off until there was some reason for the treatment. He'd already gone through treatment, and so now there's a question of putting it off until a new circumstance arose. And you said, I don't think he should have to go through treatment now again. What's the point? Well, we . . . Perhaps I'm misunderstanding. Didn't you . . . It seems to me that you invited whatever error there was. We requested clarification, and when the probation department revealed that it's . . . Neither side, including myself, objected to the condition as imposed. And this is on all fours with the Mata case, another panel of this Court, where in that instance the defense specifically requested a drug treatment condition, which was imposed. The condition, however, that was imposed allowed . . . It seems to me there are three possible outcomes of this case. One is the error was invited, so we'll just disregard it and forget and affirm. The other is to require probation to return to court if they want to do a sex offender treatment. That does away with the delegation. And the third is to just wipe out the conditional nature that you requested, or that was ended up with, so that he has to go through sex offender treatment tomorrow. The judicial process is what was needed. This is a core judicial function when we're talking about imposing a requirement upon which Mr. Waden's liberty is based. And there's a procedure by which . . . But you were happy with this at the sentencing. That's what I'm . . . Having not had advance notice, as in the Mata case, we did not object, nor did the government. And in the Mata case, a panel of this Court applied a relaxed standard of review, which . . . What relief do you want now? Do you want us to eliminate the treatment clause? Do you want us to eliminate the condition, the verbal condition on the treatment clause? What do you want? We're asking for the Court to eliminate the written condition. There's a procedure, a process . . . All conditions. All conditions. That's correct. There's a process by which probation at any time can apply to the Court to reimpose the condition. In this particular instance, as it was imposed, was an improper delegation of a core judicial function. And didn't probation say they weren't interested in imposing it at the present time? That's correct. The probation officer indicated that it was requested as a fail-safe. I believe her exact words were, in case in the future it would be needed. The probation officer went on to say, and this is after the sentence, the condition was imposed, that probation had no, saw no need for the condition to be enforced. And I think if we look at the relationship . . . They wanted to have it in place, but not enforced. As a sort of a backup. And I think here we have a Court that misunderstood . . . You object to the fact that that decision of whether to actually enforce it rests with probation. You say that that's really an improper delegation. That's correct. It's a core judicial function. And it reflects poorly on the Court. Well, you'd be satisfied if probation went back and said to the Court, District Court, and said, we would like to, and he's re-offended, we would like to have him go through sex offender treatment again. If he re-offends. If he re-offends. And whatever they do, they just go to the Court. And the Court says, yes or no. Because once that's done, then there's no delegation. That's correct. And anecdotally, Mr. Waden is still on supervised release. He's still not, as of this point in time, mandated by probation, which has taken over, in our view, the imposition of this particular condition of the sentence. Should probation in the future follow the proper procedure and go to the judicial officer to request a modification or the addition or the removal of a condition, that's the process . . . and he refuses, then you're back before the district judge. And you can say, this was an improper delegation. They can't do that. And then that probation will turn to the judge and say, well, okay, Your Honor, what do you think? And what do you think? And that would require, obviously, would require Mr. Waden to put himself in jeopardy. And that's, you know, sort of the process that came up in that Browder case that I mentioned momentarily earlier on. And in the Browder case, a panel of this Court faulted the conclusion that it was something that should simply be left to occur between the person on supervision and the probation officer. In this case, we have a judge who misapprehended the relationship between the imposition of the sentence and its execution by the probation department. After you realized that there was a problem, a possible problem here, did you go back to the district court to get this modified? No. We file a notice of appeal. Counsel, your time has expired. I have one question that I think you can answer in a few words. In answer to Judge Winter's question, you would be satisfied if probation was required to come back before the district court if it turns out that Mr. Waden did reoffend in the area of pornography. If the condition is removed, then yes, there's a procedure that would allow, based on new circumstances. And that procedure exists for probation to come before the district court at any time it deems it worthwhile to oppose this condition. Under 3583E2, which I believe I cited. And that exists in law, this procedure, for this very reason. Correct. Thank you. Thank you. We'll hear from the government. May it please the court, my name is Joseph Karaszewski. I represent the United States on this appeal. The condition that was imposed by the district court did not improperly delegate to probation the district court sentencing authority. Mr. Karaszewski, it's good to see you again. Good to see you too, Judge. I have a couple of questions. It doesn't, as I understand the probation office's explanation of its role, it would, before requiring the educational treatment rehabilitation option, it would require the probation office to determine whether or not Mr. Wadden had engaged in similar behavior. My follow-up question, if your answer to that is yes, and I think that's what the probation officer said is, isn't that an adjudication that is better for the court to decide than for the probation office to decide? Well, Your Honor, it is a specific and verifiable event that would have occurred, and what happened at sentencing is when counsel asked, when defense counsel asked, what would be the circumstance or clarify on does he have to start all over again with treatment, or is it just if he re-offends, and that was specifically out of counsel's mouth. Is it just if he re-offends? And the- That is the judicial finding. That's what Judge Winter is supposing, that deciding that he did re-offend is an adjudication. Well, it's a fact that occurred. It doesn't necessarily have to be an adjudication. If the fact is that he re-offended- Someone has to decide that. Well, then in that circumstance, if the probation officer says, okay, you've re-offended, you have to participate in sex treatment or sex offender treatment at this time, then the remedy is to go in front of the district court, for the defendant to go in front of the district court and say, hold on a second, Judge, you have to make this determination as to whether or not I've re-offended. But if we can avoid that series of events, including, as you seem to concede, an error, why would we allow it to continue? Well, I'm not conceding an error, Your Honor. You're conceding that Mr. Wadden would have a perfect right to go into court and say, this adjudication should not have been made by the probation office, but should have been made by you, Your Honor. Well, he has that right to go and ask the court. I'm not saying that he would prevail. This is not like the cases that counsel has cited, where there was an improper delegation of authority to the probation officer. Not like the Mata case, which was a situation where the probation officer was going to be able to decide whether he should go to inpatient drug treatment or outpatient drug treatment. This isn't a case- Why isn't it like that? It's not like that, because that was unfettered discretion on the part of the probation officer. What fetters this discretion? The occurrence of a verifiable event. The occurrence of an event such as- And that Mr.- What if Mr. Wadden denies that he engaged in the conduct? Then he can go in front of the district court and say, I didn't do that. I need an adjudication as to whether or not I have engaged in this conduct. And, again, where we started here is that this is precisely what the defendant asked for and precisely what the defendant was expecting. Everyone entered into this plea agreement that I'm going to agree that I violated the conditions of my probation. I agree that I'm going to get a five-month sentence in jail. And after that, imposition of all the conditions that were imposed at the time of my original sentence, which included sex offender treatment. It really would be a supreme irony that this defendant gets this condition removed because he violated the conditions of his supervised release. Having the probation office decide that he committed a crime. I'm surprised the U.S. attorney would want the probation office to decide whether another crime had been committed and then sentence him only to this treatment. It doesn't preclude the United States attorney from also prosecuting him in addition, if it's a sex offender crime, certainly. But that's not what the United States wanted. That's what the defendant wanted. That's what his counsel stood up at sentencing and said. What are the conditions of this? I'd like to put aside the waiver question. I mean, you're answering all our substantive questions by saying that's what they asked for. I'm just asking whether it's a good thing to lodge in the probation office the right to adjudicate whether conduct occurred, conduct that will often constitute a crime. That seems to be a very odd allocation of functions. Well, normally the circumstances are, if the defendant, certainly if the defendant were to commit that, were to engage in offense conduct such as that. And normally the procedure is he's violated. The probation officer fills out a violation petition, completes a violation petition, gives it to the judge and says, this is what happened. This defendant, first of all, committed another crime, which certainly is a condition. Which would trigger this treatment. Which would trigger the treatment. So as a practical matter, that's probably what would happen. But I think we return to I'm not sure what it is and it's not clear what the defendant wants here. If that's the case, which you just said, that it's going to go back to the judge anyway, then if we decided this case by writing an order saying that if there is a, if probation believes that he is re-offended in some way that would trigger a sex offender treatment, then it must be taken to the judge for confirmation. And you're saying that that's the procedure that would occur in any event? Probably. I mean all . . . Then you don't have a problem, do you? I'm talking to you now, Ms. Brewer. That's not the procedure that's been provided. It's not the procedure that's currently been provided for. And there's a separate problem of . . . You have to speak to the microphone. And there's the separate problem of the public integrity and the reputation of the judiciary which is now seen as delegating to probation the right to call the shots. And that was what was talked about quite a bit in that Browder case where basically you have the judge delegating the computer monitoring condition in that case. My point is that that would be overcome by an order that requires the probation to go back to the judge as if there were a violation. Our request is for the condition to be removed and at any time the probation officer sees fit, even for a non-criminal offense, the probation officer, pursuant to the statute I mentioned earlier, can approach the district court and request a modification, enlargement, and have the condition added. Your objection at the time of sentencing was that the offense for which he was arrested, the traffic offense, had nothing to do with sex crimes. Those were the comments mostly leading up to the point at which the court imposed the condition. Following the imposition of the condition when we requested the clarification was when it became clear that the condition was not what it seemed on its face. And I think I've eaten into my . . . Were you asked for a clarification? Yes. And I'm reading from the transcript now of the district judge. I'd just like, for Mr. Waden's sake, for him to know that based on this condition being reimposed, that's the sex offender treatment being reimposed, I'm quoting now, he will have to begin and start in the sex offender treatment program all over again or if that's simply a condition that will be there in place in the event that there's some additional conduct that causes probation to want him to go back in and start from scratch again, given that he completed the course already. So that's what you said to the district judge. And then at that point, the prosecutor said, we're not looking to place him back in treatment again. That's in case he reengages in that behavior in the future and then we'll be able to send him back for an evaluation. Now, and that's the way it was left. Anything further, the court says, and you and your adversary say no. Had that clarification occurred before the court imposed the sentence, we'd be in a different situation in terms of a standard of review. These were post-imposition clarifications and a discussion that occurred after the condition was imposed. So at the time that it was imposed and leading up to it, we were certainly not aware, I expect the government was not aware that this was a condition that was not needed by probation, that it was basically a fail-safe that they wanted to have just in case. It wasn't even asked for. It was just a repetition of the conditions from the first sentencing. Yes. It wasn't specifically requested by probation. Correct. Not until the day of. Okay. Well, let's get our procedure right. Mr. Karaszewski, I don't know that you finished, but you've completed your argument, correct? If the court says I've completed my argument. And Ms. Berg, you just had your rebuttal. Is that correct? I did. It felt a lot more valuable because it was part of Mr. Karaszewski's time. Thank you both. We'll reserve decision.